OF THE

# SUPREME COURT OF MISSOURI.

## FIRST JUDICIAL DISTRICT,

### APPRIL TERM 1840.

6  211
69a 629

## CAMPBELL AND MAISON VS. HOOD.

1. If a plaintiff includes a person in his suit—whether ex-contractu or ex-delicto—against whom there is no evidence, the court may direct the jury to find a verdict as to such person, and he may then be used as a witness. But there must be an entire want of testimony to justify the court in allowing a party this privilege.

2. In a suit by strangers against persons, charging them as partners, it is not necessary to prove an actual partnership, but only to fix a liability; for a man may not to be a partner in fact, yet by his acts and language he may render himself *liable* as a *partner.*.

3. But when the partners are plaintiffs, or when the suit is between the partners, then a partnership in fact must be proven.

4. To justify a court in setting aside a verdict, merely on the ground that it is unsupported by evidence, the weight of testimony must greatly preponderate against the verdict.

Tompkins Judge dissenting.

Appeal from the circuit court of Cooper county.

*Hayden for Appellant.*

1st. That Maison was a competent witness, and that the court erred in refusing the defendant Campbell leave to use him as such on the trial of the cause. See 15th Johnson's Rep. 223, Condruson vs. Vanslyck. 14 John 122. Phil. Ev. 61.

2nd. That the court erred in instructing the jury, that

O

APRIL TERM
1840

Campbell and
Maison
vs.
Hood.

the law required less, or slighter evidence of the existance of the fact of a partnership between the defendants, than it would require to prove the same fact in a similar contest between strangers—That no such difference exists or can be found in the law. That the fact being the same, the proof is the same, and must be made through the same channel, and by the same means, and cannot be affected by the facility, or want of facility, in making the proof.

3rd. That the jury found a verdict contrary to law and evidence. See Gow. on partnership, 254, top paging, 255 and sequel. See, 14 John Rep 215. 20th do. 176. 1 Cain's Rep 184—1st edition. 2nd Binny's Rep. 245. 2nd Stark. Ev. 582–3 and 6.

4th. That the court erred in refusing to grant defendants a new trial.

### Adams for Appellee.

1st. That the evidence of John Hood was relevant, and the court committed no error in not excluding it from the jury. See, his evidence in the bill of exceptions.

2nd. That the court did not err in not permitting the jury to pass upon the case as to the defendant Maison, and in excluding him as a witness. On this point, I refer to the analogous case of joint trespassers. See, 1 Starkie's Ev. top page 111, 5th American Edition. 14 John. Rep 119.— 15th J. Rep. 223. 1 Phil. Ev. 61. (1st Wend. Rep. 123, Schemerhorn vs. Schemerhorn.) Bohun vs. Taylor 6 Cowen's Rep. 313.

3rd. The court instructed the jury correctly. See, 3rd Kent's Com. 31, 3rd Edition. Cary on partnership, edited in 14th No. Law Library page 55. 2d Starkie Ev. 585–6, 5th American edition. Gow. on partnership 31.

4th. The motion for a new a trial was properly overruled —Foster and Foster vs. Nowlin, 4 Mo. Rep. 23. 4 ib 861. 4 ib 540. 5th Mo. R. 530. 1 Bibb's Rep. 398. 2d Pirtle Digest 106.

### Opinion of the Court delivered by Napton Judge.

This was an action of assumpsit brought by Hood against Campbell and Maison, the appellants, in the Cooper circuit court. The defendants pleaded non assumpsit and set off.

Issue was taken on the plea of non assumpsit, and nil debit replied to the plea of set-off, and a verdict and judgment were given for plaintiff.

APRIL TERM
1849.

Campbell and
Maison
vs.
Hood.

The bill of exceptions preserves the following as the testimony given in the case. It was proved that plaintiff was employed as collecting clerk for the house of Thomas M. Campbell, in Boonville, some time in the month of August 1837, and remained in said employment, until some time in April 1839—that the wages of such clerks varied from $300 to $500 per annum. The plaintiff then introduced one Thomas W. Davis, who testified that some seven or eight years ago he was employed as a clerk in said house; that he continued in such employment for four years successively; that said house was at that time a branch of another house then in the town of old Franklin in Howard county; that whilst he was in said employment, the defendant, Maison, took the chief control and management of the business; that whilst he was there, the defendant Maison spent nearly all his time in the branch at old Franklin; that he witness kept the books in the establishment at Boonville, and that there was no account or charge either against Maison or Campbell; that when either got an article no charge was made; that during the time he remained in the establishment, the defendant, Campbell, went to the City of Philadelphia where his father resided, in company with two ladies, and remained some months, and whilst said Campbell was there, in Philadelphia, the said defendant, Maison, went on to Philadelphia and purchased a stock of goods for said establishment. This witness further stated, that Campbell and Maison kept their business secret; that he never heard them talk about it; that they frequently conversed when by themselves.—Witness further stated, that the sign over the door was "Thomas M. Campbell"; that the books and accounts were made out in the name of Thomas M. Campbell; that the business was conducted in the name of Thomas M. Campbell. Witness further stated, that the house he was employed in, was the same for which pl'ff. was employed; that Maison had the management of the establishment at Franklin, and

APRIL TERM.
1840.

Campbell and
Mason.
vs.
Hood.

performed the duties of clerk; that goods were sent from the house in Franklin to the house in Boonville.

John Hood, a witness on the part of the plaintiff, testified, that some years since, the defendant, Maison, wrote to witness, who then lived at Jonesborough, Saline county, for the purpose of employing him as a clerk in the said store at old Franklin. Witness did not recollect whether said Campbell's name was signed by said Maison to said letter or not; that witness went and contracted with said Maison, without consulting Campbell about the contract, and continued to act as clerk in said establishment for three years; that the business was conducted in the name of Thomas M. Campbell, the sign over the door was Thomas M. Campbell, and witness understood that the house in Boonville was a branch of said establishment; that Maison took the chief management of the business whilst witness lived there; that he, (witness,) kept the books of the establishment, and that no account was kept either against Maison or Campbell, and no charge made when either procured articles from the store, and witness never knew of a clerk in a house who was not charged for articles gotten by him. Witness further stated, that there was more mystery about the establishment than any he ever knew; that when he was employed by Maison, he was told not to divulge any thing that he might learn concerning the business of the house. Witness further stated, that on one occasion, during his said employment, defendant Maison told him, that he (Maison,) had never been clerk for any man. The defendant objected to the relevancy of the testimony of said Hood, and moved that he be excluded as a witness; which motion was overruled.

The defendants then introduced two witnesses, who each testified in substance, that they had been acquainted with defendants for a long time; that the said mercantile establishment in Boonville was conducted in the name of Thomas M. Campbell; that all contracts and business transactions relating to the concern were done in the name of said Campbell; that the sign over the door was Thomas M. Campbell, and that said Maison had for several years past acted and still acted as clerk of said Campbell; that said Maison was a

very attentive and diligent clerk; that said Maison came to this country some twelve years since, as a clerk for one Giles M. Samuels. Witness stated that said Maison seemed to take considerable control and management of the said house in Boonville, but never saw any thing in his conduct inconsistent with that of a good clerk. The above embraces the material part of the testimony.

APRIL TERM
1840.

Campbell and
Maison
vs.
Hood.

After closing the testimony, defendants moved the court to send the jury out to pass upon the case of said Maison, that they might find for him upon the issues;—in order that the said Campbell might use the said Maison as a witness upon the trial of the case as to said Campbell. This motion was overruled and defendants excepted.

The defendants then offered to introduce Maison as a witness in the cause, upon the ground that there had been no evidence showing that there was any contract implied or expressed by said Maison for the services of plaintiff, and stated what was proposed to be proved by said Maison. The court also overruled this motion and defendants excepted.

The court then instructed the jury that, "in suits by strangers against partners, a jury might find the existence or fact of partnership upon slighter evidence than was required by law to establish partnership in suits between partners themselves; that as between partners, they had it in their power to preserve evidence of their partnership, but strangers had not."

After a verdict for plaintiff, defendants moved for a new trial, because of mis-instructions of the court; the admission of improper testimony; the refusal of the court to allow the jury to pass upon Maison with a view to have him examined as a witness, and because the verdict was contrary to law and evidence.

There was an affidavit of said defendant, Maison, accompanying the motion for a new trial, which, however, is not found in the bill of exceptions, and therefore forms no part of the record.

The court refused to grant a new trial, and defendant below has appealed to this court.

The first objection, which has been urged by the appel-

APRIL, TERM
1840.

Campbell and
Maison
vs
Hood.

lants, in their assignment of errors, relates to the refusal of the court to exclude the testimony of John Hood, on account of irrelevancy.

There may be portions of Hood's evidence, in relation to the mysterious conduct of the parties defendant, which were objectionable, but such portions should have been objected to at the time, and were not sufficient to authorise the court to reject the entire testimony. Most of the testimony seems to be very much to the point, and I am not prepared to say that any of it was illegal.

The motion to permit the jury to pass upon the case, so far as Maison was concerned, was made with reference to the late act of the legislature, which provides, that in actions upon contracts against several, the plaintiff may recover if he prove any one defendant to have made the contract, (Sess. Acts of 38 & 9 p. 99 § 1.) This provision is supposed to place the case of joint contractors on the same footing with tort feasors, and it is therefore urged that the courts should allow defendants the same privilege now, in actions ex contractu, as have been permitted in actions on tort. This is admitted to be reasonable, and I see no objection to it. But the rule in relation to wrong doers did not allow the court to send out the jury, to pass upon one of the defendants in an action of tort, where there was any evidence against him. On this point the authorities read by the plaintiff's counsel are clear and satisfactory. There must be an entire want of testimony to justify the court in allowing this privilege. 1 Stark. Ev. 111. In Brown vs. Howard, the court said "if there is any, even the slightest evidence, against a defendant he cannot be discharged as a party and received as a witness. The want of evidence against a party, in order to entitle him to be a witness, should be so glaring and obvious, as to afford strong grounds of belief that he was arbitrarily made a defendant to prevent his testimony." 14 John. R. 122. See, also 1 Phil. Ev. 61. 1 Wend. R. 123. 6 Cowen 313.

*If a plaintiff includes a person in his suit—whether ex-contractu or ex-delicto—against whom there is no evidence, the court may direct the jury to find a verdict as to such person, and he may then be used as a witness. But there must be an entire want of testimony to justify the court in allowing a party this privilege.*

In this case, there was testimony to prove Maison liable. How much weight that testimony was entitled to, is of no consequence to the decision of this point. There was then,

in my opinion, no error in refusing to let the jury pass upon Maison's liability separately, nor in rejecting his testimony when proffered by defendants.

APRIL TERM
1840.

Campbell and
Maison
vs.
Hood.

The instruction given by the court is objected to, notwithstanding it is admitted that Mr. Starkie and other eminent writers on jurisprudence have laid down the law in nearly the same language used by the court in this case.— It is argued that the same degree of testimony is essential to produce conviction of a fact, in one case as in another; whether the suit be between strangers and partners, or between partners solely, it is contended, the same fact must be proved by the same means, and requires the same quantum of evidence to produce conviction, and consequently the instruction of the court was erroneous. The phraseology of the law writers, in laying down the proposition, that slighter evidence is sufficient to prove a partnership, in a suit between strangers and partners, than in a suit wherein the partners are plaintiffs, is, I admit, open to criticism. It is not because slighter evidence is sufficient to establish the *same* fact in the one case than in the other, but because the same fact is not necessary to be established in both cases, that the doctrine is substantially true. So far as strangers are concerned, it is not necessary to prove an actual partnership, but it is only necessary to fix a liability. A man may not be a partner in fact, and yet by his acts and language he may be *liable as a partner*. He may be censidered as a partner legally pro hac vice and consequently liable to strangers.

But where the partners are plaintiffs, or when the suit is between the partnership, then the matter of fact to prove is a partnership in fact, and of course a different degree of testimony may be requisite, not to establish the same fact as in the other instance, but a different fact. Whatever merit this objection urged by the defendant may be entitled to, it is obvious that it can go no further than the language of the instruction, which for all the purposes of this case, was substantially the law. Cary on Partnership, Law lib. No. 14, p. 55. Gow. 31.

The only point remaining to be examined relates to the

In a suit by strangers against persons, charging them as partners, it is not necessary to prove an actual partnership, but only to fix a liability; for a man may not be a partner in fact, yet by his acts and language he may render himself *liable as a partner*.

But where the partners are plaintiffs, or when the suit is between the partners then a partnership in fact must be proven.

APRIL TERM
1840.

Campbell and
Maison
vs.
Hood.

To justify
a court in set-
ting aside a
verdict mere-
ly on the
ground that
it is unsup-
ported by evi-
dence, the
weight of tes-
timony must
greatly pre-
ponderate a-
gainst the
verdict.

refusal to grant a new trial, because the verdict was against the weight of evidence.

I do not think it necessary to enter into a minute investigation of the testimony detailed in this bill of exceptions, I hold, as this court has repeatedly held, that to justify a court in setting aside a verdict merely on the ground that it is unsupported by evidence, the weight of testimony must greatly preponderate against the verdict. A trial by jury would be but an empty mockery, if it were in the power of the judge to set it aside, merely because his mind would have arrived at a different conclusion on the facts submitted. There must be a glaring deficiency of evidence to authorise the granting of a new trial, where there has been no error of law, no mis-instructions, no illegal or improper testimony adduced—can it be denied, in this case, that Maison's own admission, that he had never been clerk for any man, was not a circumstance entitled to some weight in fixing his liability? Was the fact that he was never charged with articles he procured from time to time from the store, of no force to show that he was not a mere clerk? On the other hand, other facts were proved to rebut the influence which might, I think, have been fairly drawn from these circumstances. To determine the relative *strength* of these conflicting circumstances is the province of a jury, and I am unwilling to disturb their verdict, though I might have arrived at a different conclusion myself. Judge McGirk concurring with me, the judgment of the circuit court is affirmed.

### Judge Tompkins dissenting.

Tompkins
Judge dissen-
ting.

I dissent from the majority of the court. believing that no evidence was given to make Maison liable as a partner.