# DECISIONS

# SUPREME COURT OF MISSOURI.

## THIRD JUDICIAL DISTRICT,

### SEPTEMBER TERM, 1841.

---

SHELTON v. FORD & WHITEHILL, impleaded with G. W. CALL.

1. In a suit against securities, on a bond, the principal debtor is not a competent witness for the securities, even though he has received from them a bond of indemnity against the costs of the suit. The principal is interested in the event of the suit, under the statute concerning securities. (R. C. 1835, title, "Securities," sect. 4 p. 574.)

2. It will not avail a party merely to *object* to the decision of the court. He must *except* also, and the exception must appear upon the record.

Error to St. Louis Circuit Court.

*C. D. Drake for Plaintiff.*

The court below erred in admitting the deposition of Call to be read; and, also, after it was admitted, in refusing to exclude so much of it as related *to a note*, stated by Call to have been negotiated by him to A. M. Rucker, and by Rucker transferred to the plaintiff. Hubby v. Brown & Nichols, 16 Johnson's Rep. p. 70; Hartford Bank v. Barry, 17 Mass. R. p. 94; Mann v. Swan, 14 Johnson's R. p. 269; Manning

23

SEPT'R TERM, v. Wheatland, 10 Mass. R. p. 502; 3 Pickering's R. p. 184;
1841.        Bank U. S. v. Dunn, 6 Peters' R. p. 51; Bank of the Me-
Shelton v    tropolis v. Jones, 8 Peters' R. p. 12.
Ford and
Whitehill.       Again : the circuit court ought to have excluded so much
of Call's deposition as referred to a note, as the suit was up-
on a bond, and the testimony consequently inapplicable.

### *Gamble & Geyer for Defendants.*

1st. G. W. Call, who is admitted by the pleadings, and
proved in evidence to have been the principal in the note,
was, under the circumstance of this case, a competent
witness in an action against his sureties.

2. Whether the witness, by the use of the term "note"
in his deposition, intended to mean the instrument sued on,
was a question of fact for the jury, and was therefore prop-
erly left to them by the court. Chitty on Bills 654, and
notes; Starkie's Ev. part iv. p. 297, and notes; see also, 2
East's Rep. p. 458, Burt v. Kershaw; Ilderton v. Atkinson,
7 T. R. p. 481.

### *Opinion of the Court by Tompkins, Judge.*

Shelton filed in the circuit court of St. Louis county
against said John Ford, John Whitehill, and George W. Call,
his petition in debt, founded on a bond made by said Ford,
Whitehill and Call, to one Rucker, and by Rucker assigned
to John G. Shelton, the plaintiff in this action.   Judgment
was given in the circuit court for Ford and Whitehill.
George W. Call not being summoned in the cause.

On the trial of the cause in the circuit court the defend-
In a suit ants, Ford and Whitehill, introduced a deposition of said
against secu-
rities, on a  Call, which they offered to read in evidence.   The plaintiff,
bond, the   Shelton, objected to the reading of this deposition, because
principal
debtor is not it had been shown that Call was principal in the bond, and
a competent the defendants, Ford and Whitehill, were his securities. This
witness for
the securities, objection being made, a bond was filed "*to indemnify and*
even though
he has receiv- *save harmless,* said Call from and on *account of all costs that*
ed from them *have accrued or may accrue,*" in the action.   The circuit
a bond of in-

court then overruled the objection to the incompetency of Call, and permitted the deposition to be read. Call, in his deposition, called the instrument of writing here sued on a note, it being a bond without a condition, and the plaintiff then moved the court to exclude from the consideration of the jury all that part of the deposition that relates to a note stated to have been executed by the deponent and defendants, as not applying to the bond sued upon. The court refused to give the instruction, and the plaintiff excepted to the opinion of the court in that matter. The act concerning securities, provides that " where any bond, &c., shall not be paid by the principal debtor according to the tenor thereof, and such bond, or any part thereof, shall be paid by any security therein, the principal debtor shall refund to such security the amount or value so paid, with interest thereon, at ten per centum per year from the time of such payment." The rate of interest established by our statute is six per cent. Call, then, is directly interested in the event of this suit; for, if judgment had been given against the defendants, he would have been liable to pay the excess of ten, over six per cent. per year on all money his security might have been compelled under such judgment to pay. He then was a witness, with such an interest as rendered him incompetent; but the plaintiff, Shelton, did not except to the decision of the court. He objected to the admission of the deposition in evidence. It is not sufficient to say that he objects: he must save his objection on the record by excepting to the opinion of the court in overruling his objection. After the bond of indemnity had been filed, the circuit court thought the objection to Call's competency was removed; and for any thing appearing on the record, the defendants might well have supposed the plaintiff too was satisfied, and they thereby might have been induced to omit to introduce other evidence to establish the facts testified to by Call.

It is very true that this bond, filed long after Call's deposition was taken, could not reach back to remove the prejudice with which his interest in the event of the suit might have affected his mind, (for such is the opinion of this court,)

Shelton v. Ford and Whitehill.

Indemnity against the costs of the suit. The principal is interested in the event of the suit, under the statute concerning securities. (R. C. 1835, title "securities," sect. 4, p. 574.)

It will not avail a party merely to object to the decision of the court. He must except also, and the exception must appear upon the record.

but the circuit court thought otherwise, and the defendants were surprised by the failure of the plaintiff to except to the decision of the court. Prudence requires that the party dissatisfied with the decision of a court of record, should except to such decision, and not content himself with saying that his objection was overruled by the court.

The plaintiff saved his exception to the decision of the circuit court on his motion to exclude from the consideration of the jury so much of that deposition as relates to a note, stated to have been executed by the deponent and defendants, as not applying to the bond sued upon. But the objection appears to be rather technical and captious than solid. It is true that in the language of lawyers, a note and a bond are very different instruments. But in popular language they are so often confounded, that lawyers themselves frequently, to make themselves understood, call a single bill obligatory, by the popular name of a note under seal. At all events, the plaintiff having had notice of the taking of this deposition, might have attended, and cross-examined Call, and thereby have made it appear by positive testimony, whether this note of which he speaks, and the bond sued on, were the same instruments of writing; he having neglected to do so, the identity seems fairly to be left to the jury.

In my opinion the circuit court committed no error in its decision on this last point; and the plaintiff having failed to except to the decision of that court in allowing the deposition to be read, and the defendants being thereby induced to rely on the evidence contained in the deposition, its judgment ought to be affirmed; and such being the opinion of the court, it is affirmed.