DIXON, impleaded with RUSSELL and CHRISTY, v. HOOD.

1. A partner of the defendant is not a competent witness on the part of the plaintiff, to prove that the defendant was a partner of the witness at the time the cause of action accrued, as he is interested in establishing the fact that others are jointly liable with him, and thereby diminishing his own responsibility.

2. The declarations, acts, or admissions of one partner, are not evidence of the partnership, against other members of the firm.

Appeal from the St. Louis Circuit Court.

POLK for Appellant.

SPALDING & TIFFANY for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

Hood brought an action of assumpsit on a promissory note against David W. Dixon, John Russell, and Michael Christy, comprising the firm of John Russell & Co. Dixon alone was served with process, and amongst other defences, denied by a plea verified by affidavit, the execution of the instrument sued on. During the progress of the trial a witness was asked by Hood, if John Russell, one of the firm who executed the note sued on, did, at the time of the sale of the goods which formed the consideration of the note, declare who composed the firm of John Russell & Co ?

This question was objected to and the objection overruled, to which an exception was taken. Hood also introduced Michael Christy, one of the firm of John Russell & Co. who testified that the firm of Russell & Co. consisted of Dixon, the plaintiff in error, Russell, and himself. It was objected to this witness, that he was incompetent; the objection was overruled, and exceptions were preserved. Hood on the trial had a verdict and judgment, from which Dixon has appealed to this court.

MAY TERM.
1842.

Dixon, impl'd
with Russell
and Christy,
.v.
Hood.

The chief question in the cause is, whether Christy, who was a partner, was a competent witness for Hood, the plaintiff below, to prove that the defendant, Dixon, was also a partner?

It must be admitted that the authorities on this question are so conflicting as to create some doubt as to the law on the subject. We, however, are of the impression, that the opinion maintaining that a plaintiff cannot use one partner as a witness to prove that another is co-partner with him, is sustained by a greater weight of reason than the contrary one. A witness admitted to be liable for the demand of the plaintiff, must have an interest in establishing the fact, that others are jointly liable with him, for he thereby diminishes his responsibility, as he would otherwise be liable for the whole demand, and he is interested that the plaintiff should not fail in his suit, for then an action would be brought against him for the whole amount. In the case of Blackett v. Wier, 11th Eng. Com. L. R. 257, which is mainly relied on by Hood, the defendant in error, Abbott, chief justice, says, "*it was the interest of the witness to defeat the plaintiff, for in the event of his recovery, the defendant would be entitled to contribution from the witness.*"

But is it not much more to his interest that the plaintiff should not fail, as he would thereby be subjected to an action for the whole amount claimed by the plaintiff. Brown v. Brown, 4 Taunton, 752. In answer to this view of the subject, Holroyd, justice, in the case first cited, remarked, "*that it appeared to him* the defendant would have a right to recover from the witness in an action at law for money paid to his use, the whole sum recovered in this action, if he

A partner of the defendant is not a competent witness on the part of the plaintiff to prove that the defendant was a partner of the witness at the time the cause of action accrued, as he is interested in establishing the fact that others are jointly liable with him, and thereby diminishing his own responsibility.

MAY TERM.
1842.

Dixon impl'd.
with Russell
and Christy,
v.
Hood.

could show that the witness was originally liable to pay it. But can it be law, that a party who has been compelled to pay money by a judgment, may sue a witness against him in the action in which the judgment was recovered, for the sum paid, alleging that the witness, and not himself, was liable to the first action? Can the justice of one judgment be inquired into collaterally in another action? Marquand v. Webb, 16 J. R., 89; Purviance v. Dryden, 3 Serg. and R., 402.

The declarations, acts or admissions of one partner, are not evidence of the partnership against other members of the firm.

Another error assigned is, that Russell's declaration showing who were the members of the firm, was admitted in evidence. It is clear, the declaration, acts or admissions of one partner are not evidence of the partnership against other members of the firm. But the plaintiff, in showing who composed the firm, might use the declaration of Russell to show that he was a member, it was not necessary to prove who composed the partnership by one and the same witness; the declarations of Russell were competent against himself, and consequently admissible, and the defendants below, should have called on the court to declare that it was not evidence of the partnership against other members, and having failed to do so he cannot complain.

Judgment reversed.