# LEVY vs. HAWLEY.

1. Where several are sued on a joint and several contract, one of the defendants will not be allowed to appear and testify on behalf of the plaintiff, against the consent of the other defendants, for he is decidedly interested in the event of the suit, in diminishing his own liability.

2. The 16th and 17th section of the fifth article of the act relating to justices' courts, (Rev. Stat., 1835, p. 361,) allowing a party, in certain cases, before a justice of the peace, to summon the adverse party as a witness, and in the event of his not appearing to testify himself, do not authorize a plaintiff to summon a defendant to testify against his co-defendants. It was not the intention of the statute to suffer one defendant to prejudice by his own oath, or by his disobedience to a subpœna, the right of a co-defendant.

APPEAL from Buchanan Circuit Court.

LEONARD, *for Appellant.*

1. James Edgar was an incompetent witness for the plaintiff below.

1st: He was a party to the record.— The Commonwealth *vs.* Marsh, 10 Pick. Rep., 38; Supervisors of Chinango *vs.* Berdall, 4 Wend. Rep., 453–57; Lampton *vs.* Lampton's Executors, 6 Mo. Rep., 619.

2d: He was directly interested in holding Levy jointly liable with himself to the payment of the note.— Brown *vs.* Brown, 4 Taunt. Reports, 752; Ripley *vs.* Thompson, 22 Eng. Com. Law Rep., 89; Marquand *vs.* Webb, 16 Johns. Rep., 89; Miller *vs.* Hale, Dudley's Rep., 119, cited in 3 Phil. Ev., 1521.

2. The finding of the court was palpably against the evidence.

The note was not executed in the name of any firm of which the appellant was a partner, nor was the money for which the note was given borrowed for Edgar & Levy, although a part of it was subsequently applied to their use.— Gow on Partnership, 38–40; Bevan *vs.* Lewis, 1 Sim. Rep., 376; Jaques *vs.* Marquand, 6 Cow. Rep., 497.

HICKMAN, *for Appellees.*

1. James Edgar was a competent witness.— See Gow. on Part., 201; 6 Mon., 304; Mo. Stat., 361.

2. Edgar & Levy having received the money, and applied it to the partnership concern, they are liable.— See 16 Wend., 505; Bascom *vs.* Young, 7 Mo. Rep., 1; Potter *vs.* Dillon, 7 Mo. Rep., 228.

NAPTON, *J., delivered the opinion of the Court.*

Hawley sued Levy, John and James A. Edgar, before a justice of the peace, on the following note :—" Six months after date, we promise to pay Stephen Hawley, or order, one hundred and fifty dollars, for value received, bearing ten per cent. interest per annum until paid.—18th May, 1841."

(Signed)        "J. & J. A. EDGAR & Co."

Levy and James Edgar were served with process, but John Edgar was returned *non est inventus.* A trial was had before the justice, and the plaintiff obtained a judgment, from which Levy appealed to the Circuit Court, and the other defendants not joining in the appeal, there was an order of severance. The case was submitted to the court, and the court found for the plaintiff, and gave judgment against Levy for the amount of the note with interest.

On the trial in the Circuit Court, James Edgar, against whom the judgment had gone before the justice, was produced as a witness for the plaintiff. Objections were made, the objections overruled, and exceptions taken to the opinion of the court.

All the evidence is spread upon the record by a bill of exceptions; but as we think the court erred in admitting Edgar to testify, it is unnecessery to give any opinion in relation to the verdict.

The witness was directly interested in the event of the suit; for by procuring a judgment against the defendant, he thereby diminished his own liability. He was, in that event, entitled to contribution.—Morrell *vs.* Jones, 7 Bingh., 395.

The provisions of our statute, (Rev. Code, 361,) allowing a party, in certain cases, before justice of the peace, to subpœna his adversary, and in the event of his not appearing to testify himself, do not embrace a case like this. It was not the design of the statute to suffer one defendant to prejudice, by his oath or his disobedience to a subpœna, the right of a co-defendant.

Judgment reversed, and cause remanded.