### COONS vs. GREEN, ADMINISTRATOR OF JONES.

1. Judgment rendered against A, and confessed by B, in a justice's court, on a bond purporting to be executed by A and B. On an appeal to the circuit court by A, in which B did not join, held, that B, was a competent witness to prove that A did not execute the bond.

APPEAL from St. Charles Circuit Court.

Campbell, for Plaintiff in error.

Coulter, for Defendant in error.

Scott, J. delivered the opinion of the court.

This was an action of debt, on a bond brought against Felix Coons and James Stewart. A judgment was rendered against Coons in the justice's court; and Stewart confessed judgment. Coons appealed to the circuit court, and on a trial *de novo*, made the defence that he did not execute the bond. The other obligor, Stewart, who had confessed judgment in the justices' court, and who had not joined in the appeal was called as a witness against Coons, who proved that Coons executed the bond sued on. Judgment was again given against Coons.

The question presented for our determination is, whether Stewart was a competent witness for the plaintiff, against Coons, his co-obligor in the bond?

The presumption of law is, that every person is a qualified witness; and if a court is divided in opinion, as to the competency of evidence, it is always received. Cowan's Phillips. In the case of Dixon vs. Hood, 7 Mo. Rep. 414, this court held that an individual sued, could not be allowed to prove that a co-suitor was a partner, and thereby obtain contribution. The same doctrine was asserted in the case of Levy vs. Hawley, 8 Mo. Rep. 510. The principle of these cases is obvious; a party liable for a demand will not be allowed to show by his own evidence that others are jointly liable with him, and thereby throw a share of the burden on them, which otherwise would be wholly borne by himself. So the court has held that the principal obligor in a bond, is not a competent witness for the surety, without a release of his liability for costs, and also of the penalty the law gives the surety, who pays the debt of his principal. Shelton vs. Ford, et al, 7 Mo. Rep. 209; Garrett vs. Ferguson's Adm'r. decided at this term. It seems to have been the settled law of this state for many years, that parol evidence may be received, to show who is principal, and who is surety in a bond, although on the face of the instrument they are all alike bound as principals. In the case of Foster vs. Wallace, 2 Mo. Rep. 194, such evidence was received without a question as to its admissibility, See the case last cited of Garrett vs. Ferguson's Admr.— If Stewart had no interest in establishing the fact, that Coons was surety, then he was competent for that purpose. In support of this principle, see 3 Stark., Title, Surety, 1886. We have seen that a principal is not a competent witness for his surety, without a release. It would seem, then, that the principal is testifying against his interest, when called as witness against his surety; and he surely is, for if the

surety is condemned to pay the debt, beside the costs, the principal is also bound for the penalty given the surety, who pays the debt of his principal. The distinction between this case and that of Dixon vs. Hood, is obvious. That was a case between partners, and so was the case of Levy vs. Hawley.

As to the objection, that the witnesses being a party to the suit, is therefore incompetent, that cannot be maintained under the circumstances of this case. The general rule is, that a party to the record cannot be examined as a witness, and a plaintiff is never allowed to call a co-defendant as a witness. But this rule is subject to the qualification, that if a defendant has let a judgment by default, go against him, he may be examined by the plaintiff; Starkie, Title, Party, and Buller's *Nisi Prius*, 285. This seems well established in England, in all actions for torts, but in actions *ex contractu*, it does not prevail, because it is said a defendant would thereby make others contribute to the payment of a debt, for which he alone would be otherwise iable. But we have before seen, that this is not a case in which there can be a contribution; the reason for the conclusion does not therefore exist. Nor does the objection to calling a defendant who has let the judgment go by default against him, in actions *ex contractu*, which prevails in England exist under our laws. The rule in England, is founded on the principle, that when several are jointly liable for a debt, and sued for the same, the plaintiff must prevail against all, or none; and although a party may have let judgment go against him by default, yet if the plaintiff fails, as to another, judgment will be given against him, as to all. Our statute allows a plaintiff to take judgment against as many as he can show liable, and has thereby subverted the distinction in this respect, between actions *ex contractu* and *ex delicto;* and if a a witness is otherwise competent, who' has let judgment go by default against him, he may be indiscriminately examined in either form of action. See Campbell & Mason vs. Hood, 6 Mo. Rep. 211. Stewart having confessed judgment in the action, and being no party to the appeal, was certainly in as favorable a point of view, as regards the objection of being a party, as one who has let judgment go by default.

As to the objection, that Stewart was *prima facia* incompetent, when it was shown he had executed the bond, and that he was an incompetent witness to establish his own competency; if there is any weight in it, it may be answered by remarking, that it appears by the bill of exceptions, otherwise than by Stewart's testimony, that he was

the principal in the bond. It is every day's practice to establish the competency or incompetency of witnesses, by their own examination, either in chief, or on the *voir dire.*

Judgment affirmed.