Brown v. Lewis.

BROWN, Respondent, v. LEWIS *et al.*, Appellants.

1. Where there is no evidence whatever tending to show a liability on the part of one of two defendants, the court should, when requested so to do, direct the jury to find a verdict in his favor.

2. It is error to give instructions where there is no evidence to support them.

*Appeal from Platte Circuit Court.*

This was a suit originally brought before a justice of the peace by E. W. Brown, against Sarah J. Lewis and Daniel P. Lewis, to recover the sum of $75, the alleged value of services rendered by plaintiff in treating at his eye infirmary an affection of the eyes of a child of the defendant Sarah J. Lewis. There being no evidence whatever introduced by plaintiff showing or tending to show a liability on the part of the defendant Daniel P. Lewis, the defendants moved the court to direct the jury to find a separate verdict as to the said D. P. Lewis, in order that his co-defendant might have the benefit of his testimony. The court overruled the motion.

*Spratt* and *Merryman*, for appellants.

RYLAND, Judge, delivered the opinion of the court.

The court below should have directed the jury to pass upon the case, so far as it concerned the defendant Daniel D. Lewis. There is not a particle of evidence preserved on the record showing his connection with the contract made between plaintiff Brown and Sarah Jane Lewis. It is manifest that he was made a party improperly. He made no contract with Brown on the subject of medical service by Brown to be bestowed on the child of Mrs. Sarah Jane Lewis. He must have been joined in the suit by plaintiff from improper motives, to exclude his testimony; and it was the duty of the court to counteract such trickery and device, by directing the jury to pass on the defendant Lewis—instructing them that there was no testimony in the case connecting or showing that Daniel P. Lewis had any thing to do with making the contract, or was in any manner bound by it.

Under the English law this rule of practice was confined to actions against wrong-doers, and was not applied to actions upon contracts, except, perhaps, in cases where one of several defendants has pleaded a personal discharge, as a certificate in bankruptcy; (see Currie v. Child, 3 Camp. 283;

Brown v. Lewis.

Emmet v. Butler, 7 Taunton, 599; 1 Moore, 332; Bate v. Russell, Moody & Mal. 332;) but with us, under our law—the altered condition of it in relation to suits upon joint indebtedness—it is otherwise. (Campbell et al. v. Hood, 6 Mo. 211; Hood v. Mathis, 21 Mo. 308.) In the case of Hood v. Mathis this subject has been fully discussed, and it is now well settled that the rule is the same with us as well in actions on contract as of torts. The court therefore erred in overruling the defendant's motion to direct the jury to pass on the defendant D. P. Lewis.

As the judgment below must be reversed, and the case will have to be retried, we will notice some other matters complained of by the appellants. It was competent to the defendants to prove by the opinions of physicians the time it was supposed to take in order to cure the child's eyes. It was also competent and highly important to prove the condition of the child's eyes when taken away from the plaintiff's infirmary, and whether they were cured or were lost to the child. The instruction given by the court for plaintiff is calculated to mislead the jury; there was no evidence authorizing the court to bring to the jury the subject of the "defendants, or either of them, preventing the plaintiff from curing the child by taking the child away." This instruction was from the state of the evidence improper. These matters are mentioned by us in order that the court may avoid the errors complained of on the next trial. We barely mention them, and pronounce the rulings of the court on them to be erroneous in order to avoid them in future.

Let the judgment be reversed and the cause remanded; Judge Scott concurring.