STEAMBOAT PRAIRIE ROSE, Respondent, *v.* JAMES E. CROSS *et al.*, Appellants.

*Practice—Witness—Party.*—If there be any evidence against a party defendant, the court has no power to submit his case to the jury separately, in order that he may be a witness for his co-defendants if acquitted.

### Appeal from St. Louis Law Commissioner's Court.

This suit was brought to recover ninety-nine dollars and twenty cents, amount of freight on four hundred and twenty-five bundles of sheet iron from Cincinnati to St. Louis. The petition charged the defendants, James E. Cross, Samuel B. Brown, and — Brown, as partners, doing business under the name and style of J. E. Cross & Co.

8—VOL. XXXIV.

The defendants filed separate answers denying partnership, admitting the shipment and receipt of the iron, but set up in the way of counterclaim damages to the iron, arising from the negligence and carelessness of respondent to the amount of one hundred and fifty dollars.

The counterclaim was traversed by replication.

Trial by jury and verdict for plaintiff against both defendants.

After the account had been proven, the plaintiff offered evidence tending to prove the partnership of the defendants, and closed.

Defendants introduced evidence tending to disprove the partnership, and thereupon moved the court to direct the jury to retire and return a verdict upon the issue of partnership merely, which motion the court overruled, and defendants excepted.

One Jennings, a witness for the plaintiff, testified that before the commencement of the suit he had been shown by the defendants at their store some fifty odd bundles of damaged and rusted sheet iron, which they claimed to be a part of the iron received by the steamer Prairie Rose.

Witness also testified that he told the defendant Brown, at the time, it was not any of the iron received by them per the steamboat Prairie Rose; also that he, the witness, did not now believe it was any portion of the iron received from said steamboat, and that when he told Brown, he (witness) did not believe it was the same iron the defendants had received by the Prairie Rose, Brown manifested some feeling at the remark.

On cross-examination, the witness having testified that he had seen and to some extent inspected the iron referred to as it lay upon the levee and was loading upon drays for delivery at defendants' store, he (witness) having been employed by plaintiff to make the delivery of the iron to defendants, and having seen and counted each bundle as it was put upon the drays, defendants' attorney asked the witness the following question: "Did you, at the time of charging home upon

Brown and Cross that the damaged iron shown you by them was not iron received per steamboat Prairie Rose, *think or believe* that they or either of them had told a falsehood about it, or were attempting to palm off other iron upon the plaintiff?"

The question was objected to by plaintiff's counsel.

The court ruled, the witness might answer or not, as he pleased; that it was not a question to which the court felt bound to enforce an answer; and witness declined to answer the question.

The defendants offered to prove by one E. Anson More the declarations of the defendant Brown, made before and about the time the copartnership of J. E. Cross & Co. was formed, and before the commencement of this suit, as to who composed said firm.

To which testimony plaintiff objected, and the court sustained the objection.

The defendants showed to a witness, E. Anson More, a paper purporting to be articles of copartnership, executed by J. E. Cross, Mary Brown, and Elizabeth Brown. Witness stated that he only knew the signature of Cross, never having seen either of the other parties write, and could not testify to their signatures.

Defendants then moved the court to allow the paper to be read to the jury, which motion the court overruled, and defendants excepted.

*R. S. Hart*, for appellants.

*A. M. & S. H. Gardner*, for respondent.

I. The rule is well established that the court cannot direct a verdict for one of two defendants for the purpose of enabling his co-defendant to introduce him as a witness, if there is any evidence at all against him. (Hood v. Mathis, 21 Mo. 308.)

The application for the acquittal or discharge of one of the defendants can only be made where there is a total want of proof to carry the case to the jury, then the application is

made directly to the court, whose province it is to decide in such a case; but where the question is as to the sufficiency of the proof to make the party liable, when it is a matter to be submitted to the jury, the want of evidence against a party should be so glaring and obvious as to afford strong ground of belief that he was arbitrarily made a party to prevent his testifying in the case. (Brown v. Howard, 14 John. 119; Morley v. Coolbaugh, 35 Penn. 237.)

If there is any evidence against him, then he is not entitled to a separate verdict, because under such circumstances it does not appear that he was improperly joined, and his liability must await the general verdict of the jury, who are the sole judges of the fact. (Castle v. Bullard, 23 How. 172; 1 Greenl. Ev. § 358; Brown v. Lewis, 25 Mo. 335; Benoist v. Sylvester, 26 Mo. 585.)

II. It was a question entirely irrelevant and immaterial to the issue what the thoughts or belief of the witness might be as to the conduct of the defendants. (Sparr v. Wellman, 11 Mo. 230; 1 Greenl. § 441; Starkie Ev. vol. 1, t. p. 155.)

BATES, Judge, delivered the opinion of the court.

1. It seems to be settled, that where there are several defendants, and some of them desire one as a witness, that the court may direct the jury to find a verdict as to that one if there be no evidence against him; but if there be any evidence against him, the court has no power to submit his case to the jury separately in order that he may be a witness if acquitted. (Hood v. Mathis, 21 Mo. 308; Campbell & Maison v. Hood, 6 Mo. 211.)

In this case there was some evidence against Brown, and therefore the court properly overruled the motion to submit the issue as to him to the jury.

2. There was no error in the refusal of the court to require the witness Jennings to state what he thought and believed. They were irrelevant to the issues.

3. The declarations of defendant Brown, that he was not a partner, were inadmissible in his favor. It does not appear

that the plaintiff had given evidence of declarations made by Brown.

4. The articles of copartnership between defendants, Cross, and Mary and Elizabeth Brown, were not proved to have been executed by Mary and Elizabeth Brown, and therefore (without reference to other objections) they were properly rejected as evidence.

Judgment affirmed. Judges Bay and Dryden concur.