Hood, Defendant in Error, *vs.* Mathis & Sally, Plaintiffs in Error.

1. A court cannot direct a verdict for one of two defendants, for the purpose of enabling his co-defendant to introduce him as a witness, if there is any evidence at all against him.

2. It is too late to make the application after the evidence and arguments on both sides are closed, when it is altogether within the discretion of the court whether the case shall be opened for the admission of further evidence.

3. It is no abuse of the discretion of a court to allow a plaintiff, after the argument is commenced, to recall a witness to supply an unintentional omission.

4. As the action of use and occupation can only be maintained when the relation of landlord and tenant exists, it is unnecessary for the plaintiff to show title.

5. Under the third and fourth sections of article 8, of the act concerning justices' courts, (R. C. 1845,) where judgment is rendered by the justice against two defendants, the surety in the appeal bond is liable, though the judgment in the appellate court is only against one of them.

*Error to Benton Circuit Court.*

This suit was commenced before a justice of the peace by Hood against Mathis & Williams for a year's " rent of ten acres of land." There being a judgment against the defendants in the justice's court, they appealed to the Circuit Court, giving the statutory bond, conditioned for satisfaction "if the

judgment of the justice be affirmed, or if on the trial anew in the Circuit Court, judgment be given against the appellants."

At the trial in the Circuit Court before a jury, there was evidence tending to show that the defendant, Williams, owned land adjoining that of plaintiff, and that there was a dispute as to their division line. The line was run by a surveyor, and a witness "thought" that, though Williams was dissatisfied with it, it was understood that it should stand until the field notes could be obtained. Williams had previously been, and continued to remain, in possession of a cleared field on plaintiff's side of the line; and he agreed with Mathis that if he would make a crop of corn on the field, he should have one-third of the crop, and he (W.) would furnish team and hands. The field was afterward worked by Mathis and a son of Williams. There was evidence tending to show that Mathis promised to pay plaintiff the rent of the land in corn, but one witness stated that he never heard any thing said about rent until the crop was made. There was no evidence of any express promise on the part of Williams. The plaintiff offered to show title, but his evidence was excluded on the objection of the defendants. After the close of his case, and after two of the defendants' counsel had addressed the jury, plaintiff was permitted to recall a witness to prove the value of the corn, to which the defendants excepted. After the close of the argument on both sides, the defendants' counsel asked the court to pass upon the evidence against Williams, in order that he might be introduced as a witness; but the court declined to do so, and an exception was taken.

The court instructed the jury, that if the defendants rented the land and promised to pay the rent, and occupied under such renting, they were liable.

An instruction that the possession of Williams was *prima facie* evidence of ownership, and that it was necessary for the plaintiff to show title, was refused. An instruction that a promise by Mathis to pay the rent was not binding unless there was a consideration was refused, but offered to be given with

the qualification that the use of the land was a sufficient consideration. The jury returned a verdict against Mathis, and in favor of Williams, upon which judgment was entered against Mathis, and Sally, the surety in the appeal bond.

*F. P. Wright*, for plaintiff in error. 1. The court should have permitted the jury to have first passed upon Williams, so that Mathis might have had the benefit of his testimony. (*Campbell & Brown* v. *Hood*, 7 Mo. Rep. 211. *Brown* v. *Burns*, 8 Mo. Rep. 26.) 2. The evidence did not warrant the instructions given, and those refused should have been given. The action for use and occupation is founded upon the relation of landlord and tenant, and can only be maintained where there is an agreement, express or implied. An agreement may be implied from a permissive holding, but there was no evidence that Williams held by *permission* of Hood. Mathis took possession as the tenant of Williams, and Hood never said any thing to him about the rent until he had made his crop, and a promise then to pay would have been void both as an attornment to a stranger, (R. C. 1845, tit. Landlord and Tenant, § 11,) and as without consideration. The use of the land was no consideration unless plaintiff showed title. 3. It is submitted whether judgment could be entered against the surety in the appeal bond, Williams having been acquitted. 4. The court erred in permitting plaintiff to introduce evidence in chief after he had closed his case.

*Gardenhire*, for defendant in error. 1. There was no error in refusing to let the jury pass upon Williams' case, that he might be brought in as a witness for Mathis. If there was any evidence at all against him, he could not be a witness. (1 Phill. Ev. 73. Cow. & Hill's notes, part 1, 143. 14 Johns. 119. 15 Johns. 223. 1 Root, 489. Addis. 353. Coxe, 1.) 2. The instructions given were unquestionably proper, as they made plaintiff's right to recover depend upon a renting from Hood, a promise to pay the rent, and occupation under such renting. Under these instructions, no question can arise about consideration or attornment to a stranger. 3. Under

plaintiff's instructions, he could not recover unless the relation of landlord and tenant existed, and if it did exist, the tenant could not dispute his landlord's title. 4. The judgment against the surety in the appeal bond was proper. (R. C. 1845, p. 668, sec. 4, p. 671, § 23.) 5. The manner of examining witnesses is within the discretion of the court trying the cause. (8 Mo. Rep. 26.)

LEONARD, Judge, delivered the opinion of the court.

1. The rule as to the acquittal of a defendant, in order that he may be examined as a witness for his co-defendant, is thus stated by Gilbert, in his Law of Evidence, p. 117: "If any person be arbitrarily made a defendant to prevent his testimony in the cause, he shall not prevail by that artifice, but the defendant against whom nothing is proved shall be sworn notwithstanding; for here the defendant does not swear in his own justification, but in justification of another, with whom he is joined in the action unnecessarily; and were not this allowed, it were but for the plaintiff to turn all the several witnesses into defendants, and he might be able to prove what he pleased, without contest; therefore, if there be an action of trespass against two, and there be no evidence against one of them, he may be evidence for the other."

In order, however, to render him a competent witness, the practice now is to direct the jury to find a separate verdict in his favor, and the case being thus at an end as to him, his competency is restored. (1 Phil. Evidence, 56.) Some difference, it seems, has prevailed in the practice of the courts as to the point of time in the progress of the cause at which the acquittal is to take place. (1 Phil. on Ev. 57. *Huxly* v. *Berg*, 1 Stark. 98. *Wright* v. *Paulin*, 1 Ry. & Mo. Rep. 128. *Wynne* v. *Anderson*, 3 Car. & Payne, 596.) But in *Child* v. *Chamberlain*, (6 Car. & Payne, 216,) Park, Justice, said: "It has been settled by the unanimous opinion of the judges, that if there is no evidence against any one defendant,

at the conclusion of the case on the part of the plaintiff, such defendant is to be acquitted, so that all the defendants, not fixed by the plaintiff's evidence, are to be acquitted before any part of the defendant's evidence is gone into."

Gilbert (Law of Evidence, 118) states that the rule " must be understood, where there is no manner of evidence at all against the defendant; for, if there be evidence against one, though not enough to convict him, in the judge's opinion, yet such person can be no witness for the other, because his guilt or innocence must wait the event of the verdict, for the jury are the judges of the fact and not the judges ;" and in *Brown* v. *Howard*, (14 John. Rep. 119,) it is said, " where the least evidence is given against one of several wrongdoers, he cannot be discharged on the trial, for the purpose of being received as a witness." The court, it seems, directs the acquittal, and of course, the rule is only applicable where there is a defect of evidence to carry the case to the jury as to the particular defendant whose discharge is asked for, of which the court is the proper judge, and not where the question is as to its sufficiency to convict the party, which is a matter to be submitted to the judgment of the jury. Under the English law, the rule cannot be applied to actions upon contracts, except, perhaps, in cases where one of several defendants has pleaded a personal discharge, as a certificate in bankruptcy. (*Currie* v. *Child*, 3 Camp. 283. *Emmet* v. *Butler*, 7 Taunt. 599. 1 Moore, 332. *Bate* v. *Russell*, Moody & Ma. 332.) But it is otherwise, under the altered condition of our law in relation to suits upon joint undertakings. (*Campbell & another* v. *Hood*, 7 Mo. Rep. 211.)

2. In the present case, however, we do not think that there was such a lack of evidence against Williams as made it the duty of the Circuit Court to direct his acquittal, in order that he might be examined as a witness for his co-defendant; but if there was, we could not reverse the judgment, because the application was made after the testimony and the argument on both sides was closed, at a time when it was altogether within

the discretion of the court whether the case should be opened for the admission of further evidence, and there is nothing in the record showing that this discretion was at all abused.

3. Neither did the court abuse its discretion in allowing the plaintiff to recall a witness to prove the value of corn ; the omission of this proof was a mere slip, unintentional, of course, and proper to be supplied.

4. We cannot discover any error in the ruling of the court as to the law of the case, either in the instructions given or in those refused. The action was for the use and occupation of land, and, of course, the plaintiff could not recover, unless the relation of landlord and tenant existed between him and the defendants ; and if it did, they were not at liberty to controvert his title.

5. The judgment was also properly entered against the defendant's surety in the appeal bond, notwithstanding the acquittal in the Circuit Court of ·one of the two defendants against whom the original recovery was had. To hold otherwise, would be a very narrow construction of the statute, (R. C. 1845, tit. " Justices' Courts," art. 8, sections 3 and 4,) required neither by the words of the act nor the obvious intention of the legislature, and tending rather to defeat than to promote the administration of justice.

The judgment must be affirmed.