## O. F. LUTT v. H. L. STERRETT.

26  561
54  613

SURETY ON APPEAL BOND, *Liable.* Where a judgment is rendered by a justice of the peace against two defendants, and both of them appeal to the district court, and only one appeal bond is executed, in which the surety binds himself "that said defendants shall prosecute their appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against them," and judgment is rendered in the district court in favor of the plaintiff and against one of the defendants, and against the plaintiff and in favor of the other defendant, and the defendant against whom judgment is rendered is insolvent, and the judgment cannot, for that reason, be collected as against him, *held,* that the surety is liable on the appeal bond, notwithstanding the fact that judgment was rendered against only one of the defendants on the appeal.

### *Error from Clay District Court.*

ACTION brought by *Sterrett* against *Lutt,* on an appeal bond. At the January Term, 1881, of the district court, the defendant's demurrer to the plaintiff's petition was overruled. The defendant brings the case here. The opinion states the facts.

*C. M. Kellogg,* for plaintiff in error.

*H. L. Sterrett,* defendant in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: On May 21, 1880, H. L. Sterrett obtained a judgment before a justice of the peace against F. C. White and A. E. White, for $75 and costs. Both of the defendants appealed to the district court, and O. F. Lutt became their surety on the appeal bond, binding himself "that said defendants shall prosecute their appeal to effect and without unnecessary delay, and satisfy such judgment and costs as may be rendered against them therein." In the district court judgment was rendered in favor of the plaintiff, Sterrett, and against the defendant F. C. White, for the sum of $75, and interest and costs; and judgment was rendered in favor of the defendant A. E. White, and against the plaintiff, Sterrett, for costs. Afterward an execution was issued on the judgment

in favor of Sterrett and against F. C. White, and was returned unsatisfied, and with the indorsement thereon that no goods could be found belonging to White upon which to levy. Sterrett then brought the present action against Lutt, on the appeal bond, to recover the amount of said judgment and costs. Lutt demurred to the plaintiff's petition, on the ground that the same did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court; and Lutt now brings the case to this court.

The only question presented to this court for its determination is as follows: Where a judgment is rendered by a justice of the peace against two defendants, and both of them appeal to the district court, and only one appeal bond is executed, and judgment is rendered in the district court in favor of the plaintiff and against one of such defendants and against the plaintiff and in favor of the other defendant, and the defendant against whom judgment is rendered is insolvent, and the judgment cannot for that reason be collected as against him, is the surety on the appeal bond liable?

The court below decided that he is, while the plaintiff in error claims that he is not, and his counsel cites the case of *Lang v. Pike*, 27 Ohio St. 498, as sustaining his view of the case. The case cited seems to be in point, and seems to sustain counsel's views; and while we have great respect for the decisions of the supreme court of Ohio, yet we cannot yield our assent to this decision. We think it is erroneous; and we think the opinion delivered by the dissenting judge presents the law more correctly than does the opinion delivered by the court. In this state, all contracts and promises which would be by the common law joint only, and all joint obligations and joint assumptions of copartners and others, are several as well as joint; and actions may be brought on such contracts, promises, obligations or assumptions against any one or more of those who are liable. (Secs. 1 and 4 of the act relating to contracts and promises; Comp. Laws of 1879, p. 209.) In all actions against two or more defendants, the defendants may each answer separately, and each set up as

many separate defenses as he may have. Each defendant may have a separate trial, and a separate judgment may be rendered against him, or in his favor. But even where the same judgment is rendered against all the defendants, and that judgment is in form a joint judgment, still the judgment is in fact and in law a several judgment as to each defendant, and the property of any one or more of the defendants may be taken in execution to satisfy the judgment. If the judgment is rendered by a justice of the peace, and one or more of the defendants against whom the judgment is rendered may appeal to the district court, and they may do so separately or jointly, and, although the appeal of any two or more of them may seem to be joint, yet in fact and in law it is really a several appeal; for separate trials may be had in the appellate court, and in any case the judgment to be rendered in the appellate court may be rendered against any one or more of the defendants and in favor of any one or more of them. As we have before stated, an appeal taken jointly by two or more defendants, by giving one and the same undertaking or appeal bond, must, under the laws of this state, be considered as a several appeal as well as a joint one, and the surety on the appeal bond must, under the laws of this state, be considered as undertaking severally for each of the defendants, as well as jointly for all of them. To hold otherwise, would be giving a very narrow construction to the statute authorizing appeals, and a construction not required by either the words or the obvious intention of the legislature, and a construction tending to defeat, rather than to promote the administration of justice.

The plaintiff in error claims that he is not bound to satisfy a judgment rendered against only one of the defendants, but that he is bound only "to satisfy such judgment and costs as may be rendered against them"—that is, against both of the defendants jointly.

Now suppose that the defendants had had a separate trial, and that a separate judgment had been rendered against each of them for the same amount, and in precisely the same form:

would the plaintiff in error, the surety on the bond, be bound to satisfy these judgments, or either of them? In such a case, there would be no judgment, no single judgment, "rendered against them"—that is, against both of the defendants—but only a separate judgment rendered against each of them. But suppose the two judgments against the defendants should vary slightly in amount and in form: then would the plaintiff in error be bound to satisfy either of them? If the plaintiff in error is correct, then he would not be bound to satisfy any judgment rendered against the appellants except a joint judgment rendered against all the defendants at the same time, for the same amount, and in the same form, and of which only one entry is made. If an entry of the judgment should be made for each defendant, or if there should be any variation in the judgment, as to the amount of the same as against the several defendants, or as to the form of the same as against the several defendants, such separate entry of the judgment, or such variation, would release the surety on the appeal bond. For in such a case no single judgment, nor the same judgment, would be "rendered against them," the defendants and appellants. We cannot think that these views of the plaintiff in error are correct.

As sustaining the view that the plaintiff in error is liable on the appeal bond, we would refer to the following authorities: *Hood v. Mathis,* 21 Mo. 308; *Bentley v. Dorcas,* 11 Ohio St. 398; *Seacord v. Morgan* 3 Keyes (N. Y.), 636; *Burrall v. Vanderbilt,* 1 Bosw. N. Y. 637; *Gardner v. Barney,* 24 How. Pr. 467.

The judgment of the court below will be affirmed.

All the Justices concurring.