## JAMES H. JOHNSON V. DAVID REED.

FILED MARCH 3, 1896.    No. 6036.

1. **Pleading and Proof.** A party is not required to prove an averment which is admitted by the pleading of his adversary.

2. **Action on Appeal Bond: EXECUTIONS.** The issuing of an execution is not a condition precedent to the right of a judgment creditor to maintain an action against the surety on an appeal undertaking given to enable the judgment debtor to appeal. (*Flannagan v. Cleveland*, 44 Neb., 58.)

3. **Principal and Surety: APPEAL BONDS: CONTINUANCE.** The mere continuance of a cause on appeal, without the consent of the surety on the appeal bond, will not release such surety. (*Howell v. Alma Milling Co.*, 36 Neb., 80.)

4. ——: ——. Judgment was recovered before a justice of the peace against two makers of a promissory note, who jointly appealed to the district court. The undertaking of the surety on the appeal bond was to pay any judgment rendered against the appellants. *Held*, That the surety is liable, notwithstanding judgment in the appellate court was only against one of the appellants.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*L. D. Holmes*, for plaintiff in error.

*Robert W. Patrick*, *contra*.

NORVAL, J.

This was an action brought by James H. Johnson against David Reed in the county court upon the following appeal undertaking:

Johnson v. Reed.

"THE STATE OF NEBRASKA, ⎱ SS.
 DOUGLAS COUNTY.        ⎰

"JAMES H. JOHNSON, PLFF.,  ⎫
              v.              ⎬
 GEORGIANNA E. CROSSLE AND    ⎪
 HENRY W. CROSSLE, DEFTS.   ⎭

"Before A. C. Read, a justice of the peace of Omaha precinct, Douglas county, Nebraska.

"Whereas, on the 27th day of December, 1888, James H. Johnson recovered a judgment against Georgianna E. Crossle and Henry W. Crossle before A. C. Read, a justice of the peace, for the sum of $156.98, and costs of suit taxed at $2.50, and the said defendants intend to appeal said cause to the district court of Douglas county:

"Now, therefore, I, David Reed, do promise and undertake to the said James H. Johnson, in the sum of three hundred and thirteen dollars, that the said Georgianna E. Crossle and Henry Crossle shall prosecute their appeal to effect, and without unnecessary delay, and that said appellants, if judgment be adjudged against them on the appeal, will satisfy such judgment and costs.

"DAVID REED.

"Executed in my presence, and surety approved by me, this 5th day of January, 1889.

"A. C. READ,
"*Justice of the Peace.*"

The petition alleges the execution and delivery of the undertaking, the approval thereof, the prosecution of the appeal to the district court, the recovery therein by the plaintiff of a judgment against Henry W. Crossle for the sum of $182.90 and costs of suit, and that the whole of said judgment is unpaid. The answer sets up affirmative

defenses, all of which, except that no execution has been issued upon the judgment recovered in the appellate court, were put in issue by the reply. At the close of the plaintiff's testimony in the suit on the undertaking the defendant moved for a nonsuit upon the following grounds:

"1. No evidence has been introduced showing that this defendant ever signed any bond as in the petition herein alleged.

"2. No execution has been issued in pursuance of the judgment in said petition alleged to have been obtained against the principals in the bond, nor any proof that any attempt has been made to collect such judgment from the said principals.

"3. That there was an alteration in the terms of the bond in the said petition pleaded without the consent of this defendant.

"4. That there was an alteration of the relations between the principals named in the bond in this petition pleaded."

This motion was sustained by the county court, and the cause dismissed. Thereupon plaintiff prosecuted error to the district court, where the judgment and ruling of the county court were sustained. To obtain a reversal of said judgment of affirmance is the object of these proceedings.

Did the district court err in affirming such judgment of the county court? The proper determination of the question requires an examination and consideration of the different grounds set forth in the motion to dismiss, which we will take up in their order.

As to the lack of evidence on the part of plaintiff to show that the defendant signed the appeal undertaking, all that we need say is that the answer admits the signing of the instrument by

the defendant. Plaintiff, therefore, was not called upon to prove the execution of the bond.

The second ground urged for the dismissal was equally untenable. There is no provision of statute which requires that an execution shall be issued upon a judgment before an action can be maintained upon an appeal bond. The conditions in the bond in suit are in the language of the statute,—that appellants will prosecute their appeal to effect and without unnecessary delay, and that said appellants, if judgment be adjudged against them on appeal, will satisfy such judgment and costs. Upon the recovery of the judgment against the principal in the bond the surety became at once absolutely liable for the payment thereof, upon the default of the principal to do so. The right of action accrued upon the bond upon the rendition of the judgment; and the failure to issue an execution is no defense. (*Flannagan v. Cleveland*, 44 Neb., 58.)

The third ground of the motion is without merit. The question of the alteration of the terms of the bond could not have arisen at the time plaintiff closed the case; but in any event no such issue was tendered by the pleadings. The alleged alteration pleaded in the answer consisted in the continuance of the cause from which the appeal was taken, when it was reached for trial, without the knowledge and consent of the surety. This constituted no defense, as it did not operate to release the surety. (*Howell v. Alma Milling Co.*, 36 Neb., 80.)

We presume the decision in the county court, as well as in the district court, was based upon the fourth or last subdivision of the motion. The judgment from which the appeal was taken was

against both Georgianna E. Crossle and Henry W. Crossle, while on the trial on appeal plaintiff recovered judgment against Henry W. Crossle alone. As the judgment appealed from was against two defendants, and in the appellate court plaintiff recovered against one of them alone, the question is squarely presented whether the surety is liable, under the terms of his bond, for the payment of this last judgment. Section 1006 of the Code declares: "In all cases, not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered." Section 1007 reads as follows: "The party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of judgment and costs, conditioned: First—That the appellant will prosecute his appeal to effect and without unnecessary delay. Second—That if judgment be adjudged against him on the appeal, he will satisfy such judgment and costs. Such undertaking need not be signed by the appellant." Section 1014 reads thus: "When any appeal shall be dismissed, or when judgment shall be entered in the district court against the appellant, the surety in the undertaking shall be liable to the appellee for the whole amount of the debt, costs, and damages recovered against the appellant." The undertaking under consideration is purely statutory, and we must look to the statute under which it was executed in determining its legal effect. In speaking of the appellants the statute

uses the singular number alone. It in unequivo-
cal language makes the surety liable for any judg-
ment recovered by the appellee against the appel-
lant in the district court. Here judgment was
against two in the justice court, upon a promis-
sory note, a joint and several obligation. Either
one of the defendants alone had a perfect right,
under the statute, to prosecute an appeal upon
giving an undertaking, and had that method been
adopted it would have brought up the case as to
both (*Wilcox v. Raben*, 24 Neb., 368; *Polk v. Covell*,
43 Neb., 884); and there can be no room for doubt
that the surety on such undertaking would have
been liable for any judgment recovered in the dis-
trict court against the defendants, or either of
them. While one out of two or more persons
against whom a judgment has been rendered may
alone appeal, he may, if he so prefers, unite with
the others in the appeal by giving a single under-
taking, in which event the surety on the appeal
bond is liable thereon when judgment in the dis-
trict court is against part of the appellants only.
When two or more appeal by uniting in a single
undertaking, the sureties thereon are the sureties
of all, and must answer for any judgment which
shall be recovered against one or all of the appel-
lants. The effect of executing this single under-
taking was to prevent an execution issuing out of
the justice's court upon the judgment, against
either of the appellants. The appeal, in effect,
was several by each defendant, and it would be a
narrow construction of the statute, and against
the manifest intention of the law-makers, to hold
that the surety in this case is released from his
obligation merely because the judgment in the
appellate court was not against both the appel-

lants. The precise question has been considered and passed upon by other courts in harmony with the conclusion reached by us, as an examination of the following cases will disclose: *Seacord v. Morgan*, 35 How. Pr. [N. Y.], 487; *Potter v. Van Vranken*, 36 N. Y., 629; *Bentley v. Dorcas*, 11 O. St., 398; *Alber v. Froelich*, 39 O. St., 245; *Helt v. Whittier*, 31 O. St., 475; *Hood v. Mathis*, 21 Mo., 308. The only case we have found in our investigation of the question which holds a contrary doctrine is *Lang v. Pike*, 27 O. St., 498, which was decided by a divided court, and that decision was expressly overruled by a united court in *Alber v. Froelich*, reported in 39 O. St., 245.

None of the reasons assigned in the motion made in the county court for granting a dismissal of the cause being well taken, and no other sufficient cause appearing for sustaining said motion, the district court erred in affirming the judgment of the county court. The judgment of the district court must be reversed and the cause remanded to that court, with directions to reverse the judgment of the county court.

REVERSED AND REMANDED.