[No. 6343.]

### CALLBREATH v. COYNE.

1. **Appeal Bond—Liability of Surety**—The surety in an appeal bond is liable for the judgment, if the appeal is dismissed. —(200)

The surety should not be allowed to escape liability except for the most substantial reasons.—(202)

2. **Judgment—When Completed—Construction of Record**— A judgment is complete when pronounced, though the ministerial act of framing the record is not performed until a later date. —(201)

*Appeal from Summit District Court* — Hon. CHARLES CAVENDER, Judge.

Mr. CHARLES F. CARNINE, for appellant.

Mr. FRANK M. GODDARD, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

This is an appeal from a judgment rendered in an action by appellee, as plaintiff, against appellant and others, as defendants, on an appeal bond executed by The Puzzle Leasing Company and others, as principals, and the appellant, as surety, to secure an appeal to this court, from a judgment rendered in favor of the appellee, and against the principals in the appeal bond, by the county court of Summit county. Thereafter such proceedings were had in this court that the appeal was dismissed for failure to prosecute, and the judgment of the county court affirmed. Thereupon suit was brought upon the ap-

peal·bond, and judgment rendered in favor of the plaintiff against the principals and surety thereon. From this judgment defendant Callbreath has appealed.

The condition of the bond is as follows: "Now, the condition of the above obligation is such, that if the said The Puzzle Leasing Company, E. J. Hoyle, M. W. Hoyle and Josephine Kirk shall duly prosecute the said appeal, and shall pay and satisfy the judgment, costs, interest and damages in case the judgment shall be affirmed by the supreme court, whether judgment shall be given by the supreme court or by the said county court, then this obligation to be null and void, otherwise to remain in full force and virtue."

Appellant contends that he is not liable on the bond because the appeal for which it was given was not duly prosecuted; that is, he contends that because his principals did not prosecute the appeal and for this reason it was dismissed, that he is relieved from all liability on the bond. It is not necessary to go into an extended consideration of this question. It has been determined in this jurisdiction that the liability of a surety on an appeal bond is fixed by the dismissal of the appeal.—*Creswell v. Herr,* 9 Col. App. 185; *Mueller v. Kelly,* 8 Col. App. 527; *Swofford Bros. Dry Goods Co. v. Livingston,* 16 Col. App. 257; *Thalheimer v. Crow,* 13 Colo. 397.

The effect of an appeal bond is to stay proceedings upon the judgment until the appeal is disposed of. The bond in question was conditioned that the appeal should be duly prosecuted. It would certainly be a novel proposition, that a surety could escape liability upon an appeal bond where his principal, the judgment debtor, by virtue thereof, had secured the benefit of a stay which prevented the judgment creditor from enforcing his judgment, and

may have jeopardized its collection, by pleading in bar of an action on the bond, the failure of his principal to comply with the very condition upon which he procured a stay of the enforcement of the judgment against him.

The bond recites that the judgment appealed from was obtained on the 4th day of September, 1906. The record of the judgment recites, in substance, that the cause came on for hearing on that date, and judgment was ordered to be entered in favor of plaintiff. It then continues: "Wherefore, it is ordered and adjudged that the plaintiff, V. J. Coyne, recover of the defendant, Puzzle Leasing Company, E. J. Hoyle, M. W. Hoyle and Josephine Kirk, the sum of $512.44, with interest thereon at the rate of eight per cent. per annum from the date hereof until paid, and his costs herein expended, to be taxed by the clerk." It then recites that the defendants prayed an appeal to the supreme court, which was granted, thirty days being given within which to file an appeal bond, and sixty days being allowed to prepare and tender a bill of exceptions, and concludes: "This judgment withheld until to-day. No one else intervening, same is now entered as of this date, this 19th day of September, 1906."

Counsel for appellant contends that no liability exists on the appeal bond, for the reason that the judgment appealed from is of a different date from that which the record discloses. There is no merit in this contention. The record shows that the judgment from which the defendants appealed was pronounced of the date recited in the appeal bond, namely, September 4, 1906. It was not formally entered upon the records of the court until fifteen days later; but that is of no moment. The pronouncing of a judgment is a judicial act. Its entry of record is a ministerial duty. The judgment is completed

when properly declared, though the act of recording has not been performed.—*Sieber v. Frink,* 7 Colo. 149; *Schuster v. Rader,* 13 Colo. 329; 17 Enc. of Law 768; 18 Enc. Pl. & Pr. 430.

It is the act of the surety which enables the judgment debtor to secure an appeal, and the surety should not, upon the breach of a condition of the appeal bond, be allowed to escape liability thereon except for the most substantial reason.—*Shannon v. Dodge,* 18 Colo. 164.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.