No. 20,389.
## L. KENDALL, *Appellee*, v. E. L. BLACK et al. (WILLIS G. BLACK, *Appellant*.)

### SYLLABUS BY THE COURT.

REPLEVIN—*Redelivery Bond Construed.* A redelivery bond in the ordinary form, given by two defendants in a replevin action, having no other signer, is to be construed as binding each to perform any judgment rendered against either or both of them.

Appeal from Sedgwick district court, division No. 2; THORN-TON W. SARGENT, judge. Opinion filed November 11, 1916. Affirmed.

*Dempster O. Potts,* and *W. P. Campbell,* both of Wichita, for the appellant.

*J. N. Haymaker, A. V. Roberts,* and *W. D. Jochems,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: L. Kendall brought replevin against E. L. Black and Willis G. Black. They gave a redelivery bond, signed only by themselves, reciting the taking of the property by the sheriff under an order of delivery, and continuing in these words:

"And whereas, the defendant E. L. Black and Willis Black desires a return of the said property to him.

"Now thereupon, we, the undersigned, hereby undertake to the plaintiff L. Kendall in the sum of Eighteen Hundred Dollars that the defendant E. L. Black and Willis Black will deliver said property to the said plaintiff if such delivery be adjudged, and will pay all costs and damages that may be awarded against him."

A demurrer to the plaintiff's evidence was sustained as to defendant Willis G. Black, but judgment was rendered against E. L. Black for the return of the property, or for $500 in case a return could not be had. An execution on this judgment having been returned unsatisfied, Kendall brought an action against Willis G. Black on the bond. A demurrer to the petition was overruled, and a demurrer to the answer was sustained. A judgment followed, from which the defend-

ant appeals, assigning error in the overruling of one demurrer and in the sustaining of the other. The petition alleged that Willis G. Black signed the redelivery bond as surety for E. L. Black. The answer denied this, and alleged that he signed it as a principal, and solely in order to protect his own possession of the property involved. The same question arises upon both specifications of error, namely: Did the redelivery bond bind Willis G. Black to perform such judgment as might be rendered against either or both of the defendants, or did it bind him merely to perform such judgment as might be rendered against himself, either alone or in conjunction with E. L. Black?

We think the trial court was correct in holding that the bond made each defendant liable for the default of the other. It is to be construed in the light of the circumstances in which it was given, so as to effectuate its purpose. (5 Cyc. 753; 4 R. C. L. 56.) No special significance is to be attached to the fact that the word "defendant" is used in the singular and the concluding word of each paragraph quoted is "him" instead of "them." The signers expressly undertook that E. L. Black and Willis Black should deliver the property to the plaintiff if such delivery should be adjudged. If the instrument should be interpreted as binding each signer merely to perform such judgment as might be rendered against himself, the taking of it would have been an empty form, since that obligation rested upon him regardless of the giving of any bond. In a somewhat similar situation it was said in *Waldrop v. Wolff & Happ,* 114 Ga. 610: "Bryans and Waldrop need not have united in a common bond . . . each one having the right and privilege of giving a separate bond, if he had seen proper; but having chosen to unite in a common bond, they became subject to the general rule above referred to, that joint principals in a bond are sureties for each other." (p. 614. See, also, *Lutt v. Sterrett,* 26 Kan. 561; 1 Brandt, Suretyship Guaranty, 3d ed., § 48.)

The allegation of the answer as to the purpose for which the bond was signed raises no issue. The bond speaks for itself, and its legal effect is a question of law.

The judgment is affirmed.