461 P.2d 911

Arthur L. BATEMAN, et al., Plaintiffs-Appellants,

v.

KENNECOTT COPPER CORPORATION, Defendant-Appellee.

No. 8734.

Supreme Court of New Mexico.

Sept. 22, 1969.

Rehearing Denied Dec. 23, 1969.

White, Gilbert, Koch & Kelly, Santa Fe, for appellants.

Shantz & Dickson, Silver City, for appellee.

## OPINION

COMPTON, Justice.

This controversy has a circuitous history. Wilson v. Employment Security Commission, 74 N.M. 3, 389 P.2d 855, designated Wilson (1), and Wilson v. Employment Security Commission, 76 N.M. 652, 417 P.2d 455, designated Wilson (2). Appellants here were some of the petitioners in Wilson (1) in the district court seeking a reversal of the commission order denying payment benefits to them. Kennecott was the employer in these cases and opposed the payment of benefits by the commission. At a hearing on the merits, the district court reversed the order of the commission and directed payment of benefits to all the petitioners. Both the commission and Kennecott appealed the judgment. Kennecott filed its supersedeas

bond and secured an order staying execution upon the judgment. This court affirmed the judgment of the trial court, Wilson (1).

After remand the commission promptly paid the benefits which satisfied the judgment. Petitioners had not asked for interest when filing their claim and moved to vacate or amend the judgment so as to allow interest thereon from the date of taking appeal, a period of some three years. The trial court denied their motion and they appealed. We affirmed, Wilson (2).

Thereafter the appellants brought this action against Kennecott to recover interest on compensation benefits allegedly due them from the date of the judgment in their favor. The trial court held against petitioners and they again have appealed.

The appellants argue that Kennecott is liable for interest on its supersedeas bond as a result of its appeal. Liability under a supersedeas bond is strictly determined by the express terms of the contract of undertaking. 5 Am.Jur.2d, Appeal and Error, § 1029 at 453. The condition of the bond here was that it would "pay all costs and damages finally adjudged against it, including *legal damages if any caused by the taking of the appeal* * * *." (Emphasis added). Appellants claim that the emphasized language would require it to pay interest on the moneys necessarily held up during the appeal even though no judgment was entered against Kennecott. The judgment ran only against the commission.

In McDonald v. Mazon, 23 N.M. 439, 168 P. 1069, judgment had been rendered in the lower court against Leopoldo Mazon and Mazon Estate, Incorporated. The defendants had executed a joint supersedeas bond. On appeal judgment was affirmed as to Leopoldo Mazon and reversed as to Mazon Estate, Incorporated, with instructions to the trial court to enter judgment in favor of Mazon Estate, Incorporated. On rehearing, appellants claimed that Mazon Estate, Incorporated, was necessarily prejudiced by the judgment against its coappellant Leopoldo Mazon since judgment against him would make it liable on the joint supersedeas bond. Justice Roberts for the court on rehearing said:

" * * * The answer to this contention is that it voluntarily executed the bond in question. The Mazon Estate, Incorporated, is not prejudiced by our affirmance of the judgment as to Leopoldo Mazon, in so far as the judgment rendered by the district court is concerned, for we have relieved it from liability under such judgment. If injury results to it, it is occasioned by its voluntarily entering into a joint supersedeas bond with its coappellant. *It could have avoided liability by giving a separate bond,* but it elected to supersede the judgment, not only as to itself, but for its coappellant. * * *" (Emphasis added).

The above is the only pronouncement of this court we have been able to find nor have the parties to this appeal cited New Mexico, or other authorities, on this point in their brief. The recent Kentucky case of Robert F. Simmons Const. Co. v. American States Ins. Co., 426 S.W.2d 441 (Ky. 1968), holds that the coappellant against whom the judgment is reversed is not liable as principal or surety on the joint supersedeas bond given for the appeal. To the other extreme, the Idaho Supreme Court in Baldwin v. Anderson, 50 Idaho 606, 299 P. 341, held the surety liable on a supersedeas bond after affirmance of the judgment as to one defendant, though reversed as to the defendant who put up the bond, similar to Kennecott's situation here. There was a strong dissenting opinion filed to this Idaho decision holding similar to our rule in McDonald v. Mazon, supra. We see no reason to depart from the rule adopted by us in McDonald v. Mazon, supra.

Further, we fail to see that appellants suffered damages as a result of Kennecott's appeal. As previously noted, the commission itself took a timely appeal, thus staying execution and delaying the payment of claims, Wilson (2). Manifestly, the commission is not liable for in-

·terest. Section 59–9–21, N.M.S.A.1953. If the commission cannot be compelled to pay interest on benefits, we would announce an illogical result to hold that appellants could recover from Kennecott when they could not do so from the commission. Compare Munro v. City of Albuquerque, 43 N.M. 334, 93 P.2d 993.

Other points urged for a reversal of the judgment are disposed of by the conclusion reached.

The judgment should be affirmed.

It is so ordered.

NOBLE, C. J., and WATSON, J., concur.